[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14255

_____

D.C. Docket No. 4:17-cr-00015-MW-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANTISEK PRIBYL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 19, 2021)

Before WILSON, ROSENBAUM and HULL, Circuit Judges.

PER CURIAM:

Frantisek Pribyl appeals his convictions for attempted enticement of a minor

and traveling in interstate commerce to engage in sexual conduct with a minor. The only issue is whether the district court abused its discretion in denying Pribyl's last-minute request for an expert to examine the authenticity of certain email evidence that the government intended to introduce at trial. After review and with the benefit of oral argument, we affirm.

## I. BACKGROUND

### A. Offense Conduct

The trial evidence established the following conduct. In February 2017, an undercover detective posing as a mother posted an advertisement on Craigslist seeking a "mentor" for her young daughter. The advertisement was part of an operation meant to identify and investigate individuals willing to engage in sexual activities with children. Pribyl responded to the ad. Pribyl and the detective began emailing back and forth, and the detective assumed the role of the young daughter.

Pribyl turned the conversation to sexual topics, asked for pictures, and suggested meeting for sex, all over email. The detective told Pribyl that she was only 14 years old. Unfazed, Pribyl arranged to meet the minor girl for sex through a series of police-recorded phone calls, text messages, and more emails. Pribyl drove over four hours to an address the detective gave him, and police arrested him at the front door.

2

**B.     Indictment and Continuances**

In March 2017, an indictment charged Pribyl with attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b), and traveling in interstate commerce for the purpose of engaging in sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b).  Pribyl pled not guilty.  The case was set for an April 2017 trial.

Over the course of the following year, the district court granted Pribyl eight continuances for various reasons, including: (1) language barrier challenges between counsel and Pribyl, who is from the Czech Republic; (2) several disputes with and changes of defense counsel; (3) defense counsel needing additional time to prepare for trial; (4) a competency evaluation and civil commitment that ultimately resulted in a finding that Pribyl was competent to stand trial; and (5) Pribyl's unsuccessful requests to proceed pro se at trial.  The case finally went to trial on May 21, 2018, and Pribyl was represented by court-appointed counsel.

**C.     Request for a Forensic Expert on the Morning of Trial**

On the morning of the first day of trial, Pribyl's counsel stipulated to the government's admission of the email exchanges between Pribyl and the undercover detective.  However, just before the jury panel was brought in for jury selection, Pribyl's defense counsel told the district court that Pribyl's daughter, Karolina Pribylova, approached him that morning and claimed she had evidence that the government falsified some of its email evidence.

3

The district court placed Pribylova under oath to explain. Pribylova essentially claimed that the government "made up" parts of the email exchanges between Pribyl and the undercover detective. Pribylova came to this conclusion after she compared emails she accessed from Pribyl's email account with the emails produced by the government during discovery. She noticed that the government's email evidence contained additional content that she could not find in Pribyl's email account.[1] In all, Pribylova challenged 29 of the 188 total emails.

Pribylova had printouts of the conversation from Pribyl's email account, which the district court examined. These printouts were never entered into the record. The district court described them as in an "entirely different . . . form than anything that's been submitted." The district court acknowledged that some of the exchanges in Pribylova's printouts were ordered differently from the government's email evidence, but the district court found that the overall content of the emails appeared to be the same. The district court also found that nothing Pribylova called into question was "critical or the smoking gun statements in this case." The district court nevertheless solicited argument on its sua sponte motion to continue the case and appoint an expert to examine the emails.

The government argued that its evidence of the emails between the

---

[1]Additionally, some emails had discrepant timestamps, but the district court reasonably concluded that this was due to the one-hour time zone difference between the undercover detective and Pribyl.

undercover detective and Pribyl was self-authenticating under Federal Rule of Evidence 902(11) because the undercover detective planned to testify as to how she obtained the emails from her email account. Pribyl's counsel requested appointment of an expert because the district court had not done a comprehensive line-by-line comparison, and "[i]t just needs to be cleared up."

The district court denied Pribyl's request to appoint an expert. The district court stated, "If there were a hint, even a whiff of evidence to suggest that there was a reason to question the authenticity of the e-mail exchange, then I would err on the side of caution and once again continue this trial." But the district court found "there's no evidence that's been presented to this [c]ourt or anything that's been proffered that would call into question the authenticity of what the government's witness has printed off her own computer." The district court noted that Pribyl was still "entitled to a thorough and sifting cross-examination of the government's witnesses."

## D.    Trial and Verdict

At trial, the government presented evidence of the facts recounted above, including: (1) testimony of the undercover detective who posed as the minor girl; (2) testimony of special agents involved in the investigation; (3) the Craigslist advertisement; (4) the email exchanges, recorded phone calls, and text messages between the undercover detective and Pribyl; and (5) photographs and surveillance

videos of Pribyl driving to what he believed to be the home of the minor girl.

Pribyl's counsel did not challenge the authenticity of the email exchanges introduced by the government. Instead, Pribyl testified in his own defense that: (1) it was actually his roommate who chatted with and arranged to meet the minor girl; and (2) Pribyl's only involvement was as an unwitting matchmaker helping his shy roommate meet a 34-year-old woman. Pribyl also admitted that it was his voice on the recorded calls, his personal email address in the email exchanges, and the video depicted him driving toward and entering the house. The jury found Pribyl guilty on both counts in the indictment. The district court sentenced Pribyl to concurrent terms of 120 months' imprisonment, which was the statutory minimum sentence, followed by 10 years' supervised release. This timely appeal followed.

## II. DISCUSSION

Pribyl's only argument on appeal is that the district court abused its discretion by not appointing an expert to examine the supposed discrepancies between the email printouts that Pribyl's daughter had and the government's evidence of the emails between the undercover detective and Pribyl.[2]

District courts may authorize expert services for indigent defendants where

---

[2]This Court reviews a district court's denial of expert services for an abuse of discretion. United States v. Feliciano, 761 F.3d 1202, 1208 (11th Cir. 2014).

"necessary for adequate representation." 18 U.S.C. § 3006A(e)(1). To show that the district court abused its discretion in denying his request for an expert, Pribyl must establish that he "suffered prejudice from an abuse of the court's managerial discretion." See United States v. Feliciano, 761 F.3d 1202, 1208–09 (11th Cir. 2014). Due process requires appointment of an expert when there is "a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial." Moore v. Kemp, 809 F.2d 702, 712 (11th Cir. 1987) (en banc) (footnote omitted).

The first problem for Pribyl is Pribylova's printouts of the supposed emails were not entered into evidence or even made a part of the record in the district court. Thus, we are unable to compare the content of the printouts to the government's email evidence. Therefore, we cannot say that the district court abused its discretion in concluding that there was no reason to doubt the authenticity of the government's evidence. See Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion.").

Second, Pribyl's request for an expert was untimely given that he had access to his own email account for well over a year before trial and was granted eight

continuances, but did not request an expert until the first day of trial.[3]  See United States v. Rinchack, 820 F.2d 1557, 1564 (11th Cir. 1987) ("A trial court is not required to grant an eleventh hour request for [§] 3006A(e) services, particularly where the delay in making the request is unjustified and would require a continuance of the . . . trial."); United States v. Patterson, 438 F.2d 328, 329 (5th Cir. 1971) ("[T]he failure to make a timely motion or request [under § 3006A(e)] waives the necessity for the court's consideration of an appointment of an expert witness.").[4]

Alternatively, we will assume that Pribyl's request for an expert was timely and that Pribylova's printouts showed some variances between them and the government's email exhibits.  Even so, Pribyl has not shown the required prejudice or that his trial was fundamentally unfair.  See Feliciano, 761 F.3d at 1208–09; Moore, 809 F.2d at 712.  Given the district court's description of Pribylova's printouts and the discussion about them on the record, Pribyl has not shown any error in the district court's determination that the basic content of the emails was

---

[3]Although the district court here did not deny the request for an expert as untimely, we "may affirm for any reason supported by the record."  See United States v. Isaacson, 752 F.3d 1292, 1301 n.5 (11th Cir. 2014) (affirming district court's denial of a motion to dismiss, which the district court denied on the merits, on the ground that the motion was untimely).

[4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

8

the same, even if there were slight variances between the emails introduced by the government and Pribylova's printouts. Plus, Pribyl does not dispute the district court's finding that none of the challenged emails was "critical or the smoking gun statements in this case."

Additionally, Pribyl had other avenues to challenge the authenticity and completeness of the government's email exhibits, including by cross-examining the undercover detective who generated the government's evidence from her email account, but Pribyl chose not to do that. And there was overwhelming evidence supporting Pribyl's guilt, including: (1) over 150 other, unchallenged and inculpatory emails; (2) recorded phone calls, text messages, and video surveillance of Pribyl that were consistent with the inculpatory emails; (3) the fact that Pribyl did indeed drive four hours to meet the purportedly minor girl; and (4) Pribyl's implausible matchmaker explanation about his roommate and about why Pribyl drove to the purported minor's house, all of which the jury clearly disregarded.[5]

### III. CONCLUSION

For the foregoing reasons, Pribyl has not shown reversible error, and we thus

---

[5]Pribyl also relies on <u>Bradford v. United States</u>, 413 F.2d 467 (5th Cir. 1969) and <u>United States v. Durant</u>, 545 F.2d 823 (2d Cir. 1976), to argue that his trial was fundamentally unfair. Those cases are inapposite because the government here did not rely on any expert testimony to authenticate its email evidence, and therefore Pribyl had no need to combat such evidence with his own expert.

9

affirm his convictions.[6]

**AFFIRMED.**

---

[6]We deny as moot Pribyl's motion to supplement the record on appeal, which he filed after appellate briefing and without attaching Pribylova's printouts.